UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN A. MOSBY | § | CIVIL ACTION NO: |
| | § | |
| *Plaintiff* | § | |
| v. | § | |
| | § | |
| FOREST RIVER, INC. | § | |
| | § | |
| *Defendant* | § | JURY TRIAL REQUESTED |

## COMPLAINT

### I. Parties

1. Plaintiff, JOHN A. MOSBY, is an individual that is now and has been at all times a citizen of state of Texas.

2. Defendant, FOREST RIVER, INC., hereinafter "FOREST RIVER," is a citizen of the state of Indiana and with its principal place of business located in Elkhart, state of Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

FOREST RIVER's agent for service of process is Darrel O. Ritchie, 900 County Road 1, Elkhart, IN, 46514.

### II. Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III. Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V. Facts

#### A. The Transaction

6. On or about April 11, 2022, Plaintiff purchased a new 2022 FOREST RIVER AURORA RV RV bearing VIN: 5ZT2ARZB7NX024999, hereinafter "AURORA RV," from EXPLORER USA.

The "AURORA RV" was purchased primarily for Plaintiff's personal use. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership.

7. The sales price of the AURORA RV was $51,897.84. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law. See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

#### B. Implied Warranties

8. As a result of the sale of the AURORA RV by Defendant to Plaintiff, an implied warranty of merchantability arose in the transaction which included the guarantee that the AURORA

RV would pass without objection in the trade under the contract description, and that the AURORA RV was fit for the ordinary purpose for which such motor vehicles are purchased.

9.  Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant. Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

### C.  Express Warranties

10.  In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the AURORA RV, occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the AURORA RV had, in fact, repaired the defects.

11.  Plaintiff's purchase of the AURORA RV was accompanied by express warranties offered by the Defendant and extending to Plaintiff. These warranties were part of the basis of the bargain of Plaintiff's contract for purchase of the AURORA RV.

12.  The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship. Any required adjustments would also be made during the basic coverage period. All warranty repairs and adjustments, including parts and labor, were to be made at no charge. Additional warranties were set forth in the FOREST RIVER's warranty booklet and owners manual. Also, the Defendant, FOREST RIVER, continued to agree to extended its express warranty with the Plaintiff to cover defects that were discovered and tendered for repairs during the original factory warranty.

### D.  Actionable Conduct

13.  In fact, when delivered, the AURORA RV was defective in materials and workmanship, with such defects being discovered within the warranty periods. Many defective

conditions have occurred since purchase, including, but not limited to:

    A. **AIR CONDITIONING DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    B. **HOT WATER HEATER DOOR DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    C. **WALL BUCKLING BETWEEN HOT WATER AND DOOR DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    D. **INTERIOR TRIM DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    E. **INTERIOR DOORS DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    F. **FUSE BOX COVER DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    G. **KITCHEN SLIDE OUT GASKET DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    H. **CANOPY LIGHT DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    I. **ECT DEFECTS, NON-CONFORMITIES AND CONDITIONS.**

    J. **ANY OTHER DEFECTS OR NON-CONFORMITIES OUTLINED IN THE REPAIR ORDERS.**

**THE AURORA RV HAS BEEN OUT OF SERVICE FOR OVER 226 DAYS.**

14. Since purchase, Plaintiff has returned her AURORA RV to the Defendant and its authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the AURORA RV, the more significant and dangerous defects were not repaired. Defendant failed to repair the subject vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase,

the AURORA RV, continues to this day to exhibit some or all of the non-conformities and/or defects described herein.

15. The defects experienced by Plaintiff with the AURORA RV substantially impaired its use, value and safety.

16. Plaintiff directly notified the Defendant of the defective conditions of the AURORA RV on numerous occasions. Plaintiff notified the Defendant, FOREST RIVER that he wanted a rescission of the sale of the AURORA RV but the Defendant has failed and refused to buy back Plaintiff's defective AURORA RV.

## VI.    Causes of Action

**COUNT 1:   VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

17. Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

18. Defendants violated the following provisions of the DTPA:

   a. §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiff;

   b. §17.50(2): breach of express warranty, as defined in §2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiff were deprived of substantial value of bargain because the defect was not corrected within reasonable time);

   c. §17.50(2): breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);

   d. §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

   e. §17.50(3): an unconscionable action or course of action as defined by

§17.45(5); and

  f. §17.46(b)(12): misrepresenting agreements and legal rights.

19. Because of the inherent defects in the AURORA RV which defects existed at the time the AURORA RV was sold although not discovered until later, the AURORA RV was not merchantable in that it would not pass without objection in the trade under the contract description and it was not fit for the ordinary purpose for which such recreational vehicles are used. Furthermore, Defendants failed to perform the repair work in a good and workmanlike manner. This conduct by Defendants constitutes a breach of the implied warranties described above, which breach is actionable under DTPA § 17.50(a)(2).

20. The Defendants' statements that the AURORA RV's defects would be and had been repaired misrepresented the characteristics, uses, benefits, standard and quality of Defendants' services. For this reason, these representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50(a)(1).

21. The Defendants' acts or practices in the selling and/or repairing of the AURORA RV to Plaintiff were unconscionable actions or courses of action because they took advantage of the Plaintiff' lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. For this reason, this transaction was unconscionable and is actionable under DTPA § 17.50(a)(3).

22. Plaintiff further contends that Defendants' violations of the DTPA were committed knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA entitling Plaintiff to seek civil penalties in trebling of their actual damages in accordance with the DTPA.

23. This conduct was a producing and/or proximate cause of actual damages to Plaintiff, as set forth below.

24. Any purported waiver or limitation of rights under DTPA by the Defendants is a violation of public policy under §17.42. WAIVERS: PUBLIC POLICY:

   (a) Any waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void; provided, however, that a waiver is valid and enforceable if:

      (1) the waiver is in writing and is signed by the consumer;

      (2) the consumer is not in a significantly disparate bargaining position; and

      (3) the consumer is represented by legal counsel in seeking or acquiring the goods or services.

   (b) A waiver under Subsection (a) is not effective if the consumer's legal counsel was directly or indirectly identified, suggested, or selected by a Defendants or an agent of the Defendants.

   (c) A waiver under this section must be:

      (1) conspicuous and in bold-faced type of at least 10 points in size;

      (2) identified by the heading "Waiver of Consumer Rights," or words of similar meaning; and

      (3) in substantially the following form:

      "I waive my rights under the Deceptive Trade Practices-Consumer Protection Act, Section 17.41 et seq., Business & Commerce Code, a law that gives consumers special rights and protections. After consultation with an attorney of my own selection, I voluntarily consent to this waiver.

   (d) The waiver required by Subsection (c) may be modified to waive only specified rights under this subchapter.

25. Any purported limitation or reduction in the statute of limitations by the Defendants under DTPA must not be less than two years under the Texas Civil Practice and Remedies Code §16.070. Contractual Limitations Period:

   (a) Except as provided by Subsection (b), a person may not enter a stipulation,

    contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.

  (b)  This section does not apply to a stipulation, contract, or agreement relating to the sale or purchase of a business entity if a party to the stipulation, contract, or agreement pays or receives or is obligated to pay or entitled to receive consideration under the stipulation, contract, or agreement having an aggregate value of not less than $500,000.

26.  Under DTPA the statute of limitations is two years §17.565.  LIMITATION:

**All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.  The period of limitation provided in this section may be extended for a period of 180 days if the Plaintiffs proves that failure timely to commence the action was caused by the Defendants's knowingly engaging in conduct solely calculated to induce the Plaintiffs to refrain from or postpone the commencement of the action.**

27.  The limited remedy in Defendants' warranty fails of its essential purpose and deprives Plaintiff of the substantial value of the bargain because Defendants or its authorized dealerships did not correct the defects within a reasonable time.  Tex. Bus. and Com. Code § 2.719.  Therefore, any purported limitation of remedies is ineffective.

28.  The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

29.  Plaintiff seeks the remedy of rescission of the sales contract under §17.50(b)(3) and seeks an order necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired in violation of the Texas DTPA.

30.  As a direct and proximate result of Defendants' willful violation of its obligations under the DTPA, Plaintiff has suffered actual, consequential and incidental damages, including but

not limited to money expended on the purchase of the AURORA RV, damages associated with the inconvenience suffered as a result of the complete failure of the to operate properly, the loss of use of the during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages, mental anguish and attorneys' fees. Plaintiff has incurred and will continue to incur in order to protect their rights in this matter. The precise amount of damages is unknown at the present time but is estimated to be in excess of $200,000.00 and will be shown according to proof at trial. Attorneys' fees, loss of use, interest, and other damages continue to accrue.

31. Under the DTPA, Plaintiff is entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiff prevails. As a proximate result of Defendants' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

32. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33. Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

34. Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

35. The AURORA RV is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiff in fact purchased it wholly or primarily for personal use.

36. The express warranties more fully described herein above pertaining to the AURORA RV, is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

37. The actions of the Defendant as herein above described, in failing to tender the AURORA RV to Plaintiff free of defects and/or refusing to repair and/or replace the defective AURORA RV tendered to Plaintiff constitute a breach of the written and implied warranties covering the AURORA RV and hence a violation of the Magnuson-Moss Warranty Act.

38. Plaintiff has performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

39. As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth herein above, Plaintiff has been damaged herein above in an amount in excess of $200,000.00 according to proof at trial.

40. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES**

41. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

42. Th Defendant's advertisements and statements in written promotional and other

materials contained broad claims amounting to a warranty that Plaintiff's AURORA RV or those similarly situated were free from inherent risk of failure or latent defects. In addition, the Defendant issued an expressed written warranty which covered the AURORA RV and warranted that the AURORA RV, was free of defects in materials and work quality at the time of delivery.

43. As alleged above, the Defendant breached its warranties by offering for sale and selling as safe to Plaintiff a AURORA RV that was latently defective, unsafe, and likely to cause economic loss to Plaintiff.

44. In breach of the foregoing warranties, the Defendant has failed to correct said defects.

45. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 4:   BREACH OF IMPLIED WARRANTIES**

46. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

47. The Defendant impliedly warranted that Plaintiff's AURORA RV which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

48. Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the AURORA RV, had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiff.

49. Because of the defects, Plaintiff's AURORA RV is unsafe and unfit for use and has caused economic loss to the Plaintiff. Therefore, the Defendant breached the implied warranty of merchantability.

50. The damages Plaintiff has suffered are a direct and proximate result of Defendant's actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## VII. Economic and Actual Damages

51. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

   a.. Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

   b. Loss of use;

   c. Loss of the "benefit of the bargain";

   d. Diminished or reduced market value; and

   e. Costs of repairs.

## VIII. Multiple and Punitive Damages

52. The Defendant's conduct in violation of the Song-Beverly Consumer Warranty Act, Civil Code Section 1794, et seq, entitle Plaintiff to an award for civil penalties and multiple damages.

53. Plaintiff has rightfully rejected or justifiably revoked acceptance of the goods and/or has exercised his right to cancel the sale pursuant to Sections 2711, 2712, and 2713 of the Commercial Code.

54. Plaintiff had previously accepted the goods, and, therefore, Sections 2714 and 2715 of the Commercial Code shall apply, and the measure of damages shall include the cost of repairs necessary to make the goods conform.

55. The Defendant's failure to comply was willful and, therefore, the judgment should include, in addition to the amounts recovered, a civil penalty which shall not exceed two times the amount of actual damages.

### IX. Request for Rescission

56. Plaintiff seeks the remedy of rescission of the sales contract which is requested in the following paragraph.

57. Plaintiff revokes his acceptance of the AURORA RV for the reason that its defects substantially impair its value to Plaintiff and acceptance was based on Plaintiff's reasonable reliance on the false representations and warranties of Defendant that the defects in AURORA RV would be repaired. Accordingly, Plaintiff seeks a cancellation of the purchase transaction and an order of the court restoring to them the money obtained by Defendant as a result of the false representations and breaches of warranty set forth above. Plaintiff also seeks cancellation of the debt and now offers to return the AURORA RV to Defendant.

### X. Attorney Fees and Costs

58. Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended. As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## XI. Prayer

59. For these reasons, Plaintiff prays for judgment against the Defendant for the following:

    a. For general, special and actual damages according to proof at trial;

    b. Rescinding the sale of the 2022 FOREST RIVER AURORA RV bearing VIN: 5ZT2ARZB7NX024999 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

    c. For incidental and consequential damages according to proof at trial;

    d. Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

    e. Any diminution in value of the AURORA RV, attributable to the defects;

    f. Past and future economic losses;

    g. Prejudgment and post-judgment interest;

    h. Damages for loss of use of vehicle;

    i. Civil Penalties and/or Punitive damages;

    j. Damages for mental anguish;

    k. Attorney fees;

    l. Costs of suit, expert fees and litigation expenses; and
    m All other relief this Honorable Court deems appropriate.

## XII. Demand for Jury Trial

60. Plaintiff hereby demands a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF